IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charlotte Horst, et. al., ) | |
| ) | **ORDER AND REPORT AND** |
| Plaintiffs, ) | **RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Debbie (Unknown), ) | |
| North Dakota Department of Human ) | |
| Services Child Support Division, ) | Case No. 1:19-cv-244 |
| The State of North Dakota, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Charlotte Horst, initiated the above-entitled action *pro se* on November 6, 2019, with the submission of a motion for leave to proceed *in forma pauperis*, a twenty-eight page complaint, an eighty-five page appendix, a three-page affidavit, and a proposed motion for a temporary restraining order and preliminary injunction. Judge Hovland has referred this matter to the Magistrate Judge for preliminary consideration. For the reason set forth below, I am granting Horst's motion to proceed *in forma pauperis* and recommending that the Court dismiss this action without prejudice.

I.    **BACKGROUND**

Horst names the State of North North Dakota, the North Dakota Department of Human Services' Child Support Division, and Debbie (Last Name Unknown), a caseworker in the Child Support Division, as defendants. As a basis for this court's exercise of jurisdiction she cites: 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1981a; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 52 U.S.C. § 10101; and the Fourth, Eighth, and Fourteen Amendment to the United States Constitution. She asserts that, in in its zeal to enforce the child support judgment against

1

her, the State has denied her the right to interstate travel by arranging for the revocation of her driver's license and otherwise left her little on which to subsist. In so doing she attacks the validity of her underlying civil and criminal proceedings in state district court, going so far as to equate her extradition to North Dakota, her criminal prosecution in state district court, judgments and orders entered against her in related domestic matters, and the apparent refusal by state and local authorities to criminally prosecute her former husband at her insistence to state-sanctioned kidnaping, racketeering, trafficking, physical and psychological battery, and enslavement**.** She seeks an order from this court enjoining enforcement of the state courts' orders and directing the State to both reimburse her for the child support she has paid to date and to reinstate her driver's license. She also seeks an award of punitive damages.

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1).

Horst has met the burden of showing that she is financially unable to pay the filing fee. Accordingly, Horst's motion to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and her civil filing fee is waived. The Clerk's office shall file her Complaint with attachments/supplemental materials.

### B. 1915(e)(2) screening of Horst's Complaint

#### 1. Governing Law

Notwithstanding any paid filing fee, 28 U.S.C. § 1915(e)(2) provides "the court shall

dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This § 1915(e)(2) screening, and the authority to dismiss claims arising thereunder, includes non-prisoner *pro se* complaints. Key v. Does, 217 F. Supp. 3d 1006, 1007 (W.D. Ark. 2016). With regard to frivolousness under § 1915(e)(2)(i), "the Supreme Court explained that an action is frivolous if 'it lacks an arguable basis either in law or in fact.'" Aziz v. Burrows, 976 F.2d 1158, 1159 (8th Cir. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right." Williamson v. Corizon, Inc., No. 1:15CV220, 2016 WL 5933982 at *1 (E.D. Mo. October 12, 2016). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal").

In applying § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction. See, e.g., Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean, however, that the *pro se* litigant is excused from satisfying the plausibility standard established in Twombly and further amplified by the Supreme Court in Iqbal. See Story v. Foote, 782 F.3d 968, 969 (8th Cir. 2015).

### 2. Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction to entertain this suit at all because of the limited authority of federal courts to revisit state court proceedings, particularly with respect to state court determinations regarding domestic relations.

#### a. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction over challenges to state court judgments, a review limited to the province of the United States Supreme Court. Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) (noting "[f]ederal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings."). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005). These types of suits are "out of bounds" in federal court and warrant dismissal "for want of subject-matter jurisdiction." Id. at 283-84. The doctrine not only precludes direct assailments of state court judgments, but also prohibits collateral attacks by way of federal claims inextricably intertwined with the state court judgments. Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 341 (8th Cir. 2004). Federal claims are inextricably intertwined "with the state court judgment if they succeed only to the extent that the state court wrongly decided the issue before it." Id. (internal quotations and alterations omitted). This prevents federal courts from considering actions that would "directly nullify the final judgment of the state court." Id. (internal alterations and quotations omitted); see also Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1140 (10th Cir. 2006) ("[I]f a favorable

4

resolution of a claim would upset a [state court] judgment, the claim is [barred under the Rooker–Feldman doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment."). Federal courts may consider the Rooker–Feldman doctrine *sua sponte* since it implicates their subject matter jurisdiction. See Cory v. Fahlstrom, 143 Fed. App'x 84, 87 n. 1 (10th Cir. 2005) (citing Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 697, 706 (10th Cir.2004)).

### b. Domestic Relations Exception

More particularly to family law matters, federal courts have developed what has come to be known as the domestic relations exception. The "domestic relations exception, first articulated in Barber v. Barber, 62 U.S. (1 How.) 582, 584, 16 L.Ed. 226 (1859), divests the federal courts of jurisdiction over a narrow range of cases implicating domestic relations issues, such as divorce, allowance of alimony, child custody, and child support. See Wallace v. Wallace, 736 F.3d 764, 766 (8th Cir. 2013); Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994); Strickland v. Cty. Council of Beaufort Cty., 230 F. Supp. 3d 949, 955 (D. Minn. 2017) ("[The domestic relations exception]" does not affect the exercise of federal jurisdiction over the enforcement of an alimony or child support decree that has been properly obtained in a state court of competent jurisdiction. Rather, the exception applies only if plaintiffs seek the granting or modification of a divorce or alimony or child support decree.") (internal citations, quotations, and modifications omitted)). This doctrine precludes federal suit involving "a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding."

Wallace v. Wallace, 736 F.3d 764, 767.  No matter how styled, the domestic relations exception disallows domestic claims "cloaked in the 'trappings' of another type of" a federal claim.  Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) (quoting Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1078−79 (5th Cir.1990)).

### 3.  Claim(s) Against Debbie (Last Name Unknown)

Alternatively, this action as it pertains to Debbie may be dismissed for failure to state a claim for which relief may be granted.  Other than in the case caption and on page three under the heading "PARTIES," Horst's complaint contains no mention of Debbie let alone any assertion that Debbie had any direct, personal involvement in the decisions with which Horst takes issue.  Consequently, Horst has articulated no basis to proceed against Debbie.

### 4.  Claim(s) against the State and its Department of Health and Human Services for Monetary Damages

Alternatively, this action as it pertains to the State may be dismissed largely on Eleventh Amendment grounds.  It is well settled that a State and its agencies possess Eleventh Amendment immunity from damage claims.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70 (1989); see also Murphy v. State of Ark., 127F.3d 750, 754 (8th Cir. 1997) (opining that the Eleventh Amendment barred a damage claims against the State of Arkansas and two of its agencies).  As such Horst cannot maintain claims for damages against the State or its Department of Health and Human Services. The same can be said with respect to Horst's claims for damages against Debbie in her official capacity.

State officials sued in their official capacity possess Eleventh Amendment immunity from damage claims.  Reynolds v. Dormire, 636 F.3d 976, 981 (8th Cir. 2011); see e.g., Mirch v. Beesely, 316 Fed. App'x 643 (9th Cir. 2009) (dismissing claims for monetary damages brought

for alleged antitrust violations under the Sherman and Clayton Acts against the Nevada State Bar Association and its employees on grounds of immunity under the Eleventh Amendment since the Bar Association was an arm of the State).  According to Horst's complaint, Debbie is employed as a caseworker with the Department of Health and Human Service's Child Support Division.  Consequently, any claim for damages being asserted against Debbie in her official capacity would be akin to a claim for damages against the State, which as discussed above, is immune from such claims.  Reynolds v. Dormire, 636 F.3d at 981; Murphy v. State of Ark., 127F.3d at 754 (8th Cir. 1997).

### III.   CONCLUSION AND RECOMMENDATION

Horst's motion to proceed in forma pauperis (Doc. No. 1) is **GRANTED**.  The Clerk's Office shall file her Complaint with attachments/supplemental materials.  However, for the reasons expressed above, and pursuant to the initial screening allowed for under 28 U.S.C. § 1915(e)(2), I **RECOMMEND** that the above action be **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction failure and failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Horst shall have until April 13, 2020, to file objections to this Report and Recommendation.  See D.N.D. Civil L.R. 72.1(D)(3).  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 24th day of March, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court